UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07903-RGK (SHx) | Date | December 3, 2014 |
|---|---|---|---|
| Title | *GLENN COOLEY v. CIRQUE DU SOLIEL AMERICA, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Lack of Subject Matter Jurisdiction, Remand of Action to State Court, and Defendants Cirque Du Soliel America, Inc.'s and Cirque Du Soliel, Inc.'s Motion to Dismiss (DE 5); Defendants' Motion to Strike (DE 6)

**I. FACTUAL INTRODUCTION**

On May 9, 2014, Glenn Cooley ("Plaintiff") filed a Complaint in state court against Cirque Du Soliel America, Inc., Cirque Du Soliel, Inc. (inclusively, "Cirque"), Mary Spees, James Hadley, Jack Kenn, and Mindy Borghi (inclusively, "Individuals")(collectively, "Defendants"). The Complaint alleges nineteen state claims arising out of allegations of sexual harassment, disability discrimination, negligent supervision, wrongful termination, wage and hour violations, and emotional distress.

On October 10, 2014, Defendants removed the action to federal court on two grounds: (1) diversity jurisdiction; and (2) jurisdiction based on federal question. As to the second, Defendants assert that Plaintiff's employment was subject to a collective bargaining agreement ("CBA"), and resolution of the current action requires interpretation of the CBA. As such, a federal questions exists because Plaintiff's state claims are preempted by the by Section 301 of the Labor Management Relations Act of 1947 ("Section 301").

Currently before the Court is Cirque's Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6), and Defendants' Motion to Strike. As discussed below, the Court, *sua sponte*, finds no removal jurisdiction over this action. Therefore, the Court denies as moot Cirque's

Motion to Dismiss,[1] and Defendants' Motion to Strike.

## II.     JUDICIAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

## III.    DISCUSSION

As stated above, Plaintiff originally filed this action in state court. Defendants removed the action on the grounds of federal question as a result of Section 301 preemption, and diversity jurisdiction. For the following reasons, the Court finds that there was no original jurisdiction at the time the action was removed by Defendants.

### A.     Federal Question

Defendants assert that, as a member of the American Guild of Variety Artists, Plaintiff's employment with Cirque was governed by a CBA. As such, a federal question exists, as Plaintiff's complaint is preempted by Section 301.

To ensure uniform resolution of labor-management disputes, Section 301 establishes a federal claim for any suit based on a violation of a CBA. *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 456 (1957). This body of law broadly preempts any state law dispute that arises out of a CBA. *Local 174, Teamsters, Chauffeurs, Warhousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.F. 95 (1962). In fact, Section 301's preemptive power is strong, it even displaces state claims that are (1) founded on rights created by a CBA, or (2) substantially dependent on the analysis or interpretation of either an explicit or implicit term of a CBA. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). A plaintiff cannot escape the law's preemptive effect merely by casting his claims under a state law label. *Allis-Chalmers*, 471 U.S. at 220.

However, Section 301 does not preempt every suit concerning employment. The U.S. Supreme Court has stated that "nonnegotiable state-law rights . . . independent of any right established by contract" are not preempted. *Allis-Chalmers*, 471 U.S. at 213. The Ninth Circuit has interpreted this language and constructed a test for determining whether a state law claim is preempted by Section 301. *Miller v. AT&T Network Systems*, 850 F.2d 543, 548 (9th Cir. 1988). Under this test, a court must consider: (1) whether the CBA contains provisions that govern the action giving rise to a state claim, and if so; (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA; and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is "yes," and the answer to either the second or

---

[1] In its motion, Cirque seeks dismissal of Plaintiff's Complaint as a result of Section 301 preemption, and Plaintiff's failure to timely exhaust his internal remedies. Because the motion addresses the issue of Section 301 preemption, the Court, in its determination of whether removal jurisdiction exists, considers the arguments and evidence presented in the motion.

third is "no." *Id*.

Here, Defendants merely list the CBA articles that address the same subject matter alleged by Plaintiff, and concludes that because the CBA governs the same conduct, interpretation of the CBA is required. Cirque completely fails to argue *how* Plaintiff's claims will require interpretation of the CBA. The Ninth Circuit has clearly held that state claims, especially those under the statutes invoked by Plaintiff, are not preempted solely because they coincide with potential contract-based claims. *See Ackerman v. Western Elec. Co.*, 860 F.2d 1514 (9th Cir. 1988).

As such, the Court finds that Defendants have failed to satisfy their burden of showing subject matter jurisdiction based on Section 301 preemption.[2]

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy has been met, the removing defendant must supply this jurisdictional fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Defendants assert that Plaintiff is a citizen of California, and Cirque is a citizen of Delaware, Nevada, and Canada. (Notice of Removal, ¶¶ 6a, 6b, and 6e.) Therefore, complete diversity of citizenship exists.[3]

However, in proving amount in controversy, Defendants present evidence showing only that Plaintiff's annual base wages at the time of his termination were approximately $72,000. (*See* Spees Decl., ¶ 8.) Defendants then conclusorily state, without support, that Plaintiff's alleged lost wages are approximately $120,000 plus benefits. In doing so, Defendants make assumptions regarding Plaintiff's current state of employment. Since Defendants have offered insufficient evidence only in support of lost wages, the Court finds that Defendants have also not met their burden of showing diversity jurisdiction.

---

[2] Even if the Court were to set aside Defendants' burden and perform a preemption analysis on its own, the relevant law points to the same conclusion. Assuming the Court answered the first inquiry of the preemption test in the affirmative, the Ninth Circuit has indicated that, for the types of claims Plaintiff brings, the second two inquiries would also be answered in the affirmative. *See e.g., Ackerman*, 860 F.3d at 1517 (holding that because FEHA confers upon employees rights not to be discriminated against because of a disability, that right is defined and enforced under state law without reference to the terms of any CBA). In this situation, the *Miller* test dictates there would be no preemption.

[3] The Court notes that at the time the action was removed, the Individuals' citizenship was contemplated. However, since then, the Court has determined that Plaintiff had not effected valid service of process on the Individuals. As such, the Individual's citizenship is not considered for purposes of determining subject matter jurisdiction.

## IV. <u>CONCLUSION</u>

Based on the foregoing analysis, the Court **dismisses** this action for lack of subject matter jurisdiction and **remands** the action, in its entirety, to state court. The Court **denies as moot** Cirque's Motion to Dismiss and Defendants' Motion to Strike.

**IT IS SO ORDERED**.

:

Initials of Preparer